UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES EX REL DR. H.Y. LIM TUNG,

                Plaintiffs,

-against-

DR. HUGH C. HEMMINGS, JR.; DR. JIMCY PLATHOLI; DR. PAUL HEERDT; DR. AUGUSTINE M.K. CHOI; DR. THOMAS H. BLAIR; WEILL CORNELL MEDICAL COLLEGE; JOHN DOES; JANE DOES,

                Defendants.

1:19-CV-7342 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff H.Y. Lim Tung,[1] appearing *pro se,* filed a sealed *qui tam* action under the False Claims Act, 31 U.S.C. 3729–3733. The Court grants Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] In documents submitted to the Court, Plaintiff indicates as his name both "Dr. H.Y. Lim Tung" and "Hin Y. Limtung." In three actions filed in the United States District Court for the Eastern District of New York, Plaintiff provides his name as "Hin Y. Limtung." *See Limtung v. PayPal Holdings, Inc.*, No. 19-CV-4316 (RRM) (SJB) (E.D.N.Y. filed July 26, 2019) (claims arising out of rental agreements); *Limtung v. Thomas*, No. 19-CV-3646 (RRM) (SJB) (E.D.N.Y. filed June 21, 2019) (federal claims arising out of mortgage foreclosure); *Limtung v. Baum*, No. 16-CV-0100 (RRM) (SJB) (E.D.N.Y. Mar. 20, 2019) (same).

[2] Plaintiff submitted an unsigned blank *in forma pauperis* (IFP) application with only the caption filled out. He also submitted a letter requesting that the Court postpone payment of the $400.00 filing fees until the Government makes a decision as to whether to pursue this action. The Court construes the two document together as Plaintiff's IFP application.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Dr. Hugh C. Hemmings Jr., Dr. Jimcy Platholi, Dr. Paul Heerdt, Dr. Augustine M.K. Choi, Dr. Thomas H. Blair, Weill Cornell Medical College (Weill Cornell), and John and Jane Does. The following facts are taken from the complaint. Plaintiff is an expert in the "areas of Protein Phosphatase-$1_1$ (PP-$1_1$) purification and characterization and the study of its role in cell death." (Compl. at 2.) He conceived and wrote a grant application titled "Role of Protein Phosphatase-1 in Cerebral Ischemia and Cell Death," which was submitted by Hemmings and Weill Cornell to the National Institute of Health (NIH), an agency of the United States Department of Health and Human Services. Hemmings and Weill Cornell stated in the grant application that Plaintiff was the co-investigator of the project and would be appointed as an Associate Professor at Weill Cornell. But after NIH funded the research project, Hemmings and Weill Cornell "appropriated" the funds and failed to appoint Plaintiff as an associate professor and the co-investigator of the project. (*Id*.) From 2010 to 2015, Hemmings and Weill Cornell continued to submit false representations and fabricated data in progress reports to NIH, and they collected approximately $1,431,600.00 for the purported research

project. But as they were not experts in that research area, they "did not do any significant research work and did not obtain any significant scientific results." (*Id*. at 3.)

In 2014, "out of desperation," Hemmings, Platholi, Heerdt, and Weill Cornell stole Plaintiff's scientific data and presented it, along with other fabricated data, to the NIH as their own. (*Id*.) The defendants did this to "mislead and defraud the NIH." (*Id*.) During that time, Choi, Blair and others conspired to hide the fraudulent actions of Hemmings, Platholi, Heerdt, and Weill Cornell.

Plaintiff brings this action asserting that Defendants obtained through "false and fraudulent pretenses" about $1,431,600.00 from the NIH in violation of the False Claims Act. (*Id.* at 4.) They also committed scientific fraud and wire fraud. Plaintiff seeks to recover the funds that Defendants wrongfully obtained from the NIH and suggests that the Government prosecute Defendants criminally for the wire fraud, which is in violation of 18 U.S.C. § 1343.

## DISCUSSION

### A. The False Claims Act (FCA)

Plaintiff's *qui tam* claims under the False Claims Act (FCA), 31 U.S.C. § 3729–3733, must be dismissed. The FCA permits private persons to bring suit where there has been fraud on the federal government.[3] The *qui tam* provisions of the FCA allow a private plaintiff to sue persons who knowingly defraud the federal government. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). *Pro se* litigants, however, lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540

---

[3] The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1).

F.3d 89, 93 (2d Cir. 2008); *Klein v. City of New York*, ECF 1:10-CV-9568, 63, 2012 WL 546786, at *5 (S.D.N.Y. Feb. 21, 2012).

Because Plaintiff, as a *pro se* litigant, lacks standing to assert his *qui tam* claims under the FCA, the Court dismisses those claims for lack of statutory standing under the FCA.

**B.     Wire Fraud Claims**

Plaintiff also asserts that Defendants' actions violated the Wire Fraud Act, 18 U.S.C. § 1343. But Plaintiff cannot initiate the arrest and prosecution of any individual or entity in this Court because " the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are " immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, Plaintiff's wire fraud claims must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Unsealing Action**

This *qui tam* action was filed under seal as required by the FCA. *See* 31 U.S.C. § 3730(b) Normally a *qui tam* complaint would remain sealed for sixty days (or longer, if the government obtains an extension), during which time the government must determine whether to intervene and proceed with the action. *Id*. § 3730(b)(2)-(4). But because the Court finds that Plaintiff does not have standing to bring a *qui tam* action, the Clerk of Court is directed to unseal this matter. All documents in the case should be filed unsealed.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

4

under 28 U.S.C. § 1915(a)(1), is dismissed for lack of statutory standing under the False Claims Act and failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is further directed to unseal this action. All documents in this case should be filed unsealed. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge