UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES EX REL
DR H.Y. LIM TUNG,

               Plaintiffs,

     -Against-

DR HUGH C. HEMMINGS, JR.
DR JIMCY PLATHOLI
DR PAUL HEERDT
DR AUGUSTINE M.K. CHOI
DR THOMAS H. BLAIR
WEILL CORNELL MEDICAL COLLEGE
JOHN DOs
JANE DOs

              Defendants,
_____X

**MOTION**

INDEX NO.
1:19 CV 7342 / 19 CV 7320

JUDGE NATHAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-9-19

TO THE HONORABLE NATHAN (OR HONORABLE COLLEEN MCMAHON) ,

    Please find attached my Motion to Reconsider. I respectfully submit that the Honorable Court have erred when the Honorable Court ordered the dismissal of this lawsuit and unsealing of the Complaint (EXHIBIT A). In particular, the Honorable Court has not taken into consideration the fact that EX REL. DR H.Y. LIM TUNG never planned to act pro se to represent the United States in the event that the United States Department of Justice elects not to prosecute this case. In fact, Mr Stephen J. James, ESQ. an Attorney duly qualified to practice in the US Court of the Southern District of New York represents EX REL DR H.Y. LIM TUNG in this matter (See EXHIBIT B: Notice of Appearance of Mr James, ESQ.).

(i)

Respectfully,

DR H.Y. LIM TUNG
PLAINTIFF, EX REL.
September 9, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

UNITED STATES EX REL                                    NOTICE OF
DR H.Y. LIM TUNG,                                       MOTION

                          Plaintiffs,

                                                        INDEX NO.
                                                        1:19 CV 7342 / 19 CV 7310

              -Against-

                                                        JUDGE NATHAN

DR HUGH C. HEMMINGS, JR.
DR JIMCY PLATHOLI
DR PAUL HEERDT
DR AUGUSTINE M.K. CHOI
DR THOMAS H. BLAIR
WEILL CORNELL MEDICAL COLLEGE
JOHN DOs
JANE DOs

                          Defendants,

_____X

       Please take Notice that upon the attached affidavit of ex rel. Dr H.Y. Lim

Tung and the exhibits attached thereto and upon all the proceedings in this case

to date, ex rel. Dr H.Y. Lim Tung will move this Honorable Court for an Order

granting the following:

       A. Reconsideration of the Order of Dismissal of this lawsuit and Unsealing

of the Complaint.

(3)

B.  Order Granting Continuation of this lawsuit with Mr James, ESQ. as Attorney for ex rel. Dr H.Y. Lim Tung.

C. Order Resealing the Complaint.

D. Granting such other and further relief as this Honorable Court may deem just, equitable and proper.

Dated: September 4, 2019

County of Queens, New York

Respectfully submitted,

Signature
EX REL. DR H.Y. LIM TUNG
31-70 CRESCENT STREET
ASTORIA, NY 11106
TEL: 646-500-1728



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

UNITED STATES EX REL                              NOTICE OF
DR H.Y. LIM TUNG,                                 MOTION


                              Plaintiffs,

                                                  INDEX NO.
                                                  1: 19 CV 7342


              -Against-

                                                  JUDGE NATHAN


DR HUGH C. HEMMINGS, JR.
DR JIMCY PLATHOLI
DR PAUL HEERDT
DR AUGUSTINE M.K. CHOI
DR THOMAS H. BLAIR
WEILL CORNELL MEDICAL COLLEGE
JOHN DOs
JANE DOs


                              Defendants,

———————————————————————X


STATE OF NEW YORK              )
COUNTY OF QUEENS               )        SS.:


       DR H.Y. LIM TUNG, being duly sworn declare:

       1.      I am the Plaintiff Ex. Rel. in this lawsuit.




2.      I am making this Affidavit in support of my Motion for the following relief:

A. Reconsideration of the Order of Dismissal of this lawsuit and Unsealing of the Complaint.

B. Order Granting Continuation of this lawsuit with Mr James, ESQ. as Attorney for ex rel. Dr H.Y. Lim Tung.

C. Order Resealing the Complaint.


## PREAMBLE

3.      On or around August, 2019, the Plaintiff Ex Rel. DR H.Y. LIM TUNG filed this lawsuit pursuant to the False Claims Act. (EXHIBIT C).

4.      Nowhere in the Complaint is it stated that the Plaintiff Ex Rel. DR H.Y. LIM TUNG intend to represent the United States Department of Justice in the event that the United States Department of Justice chooses not to prosecute this case.

5.      As a matter of fact, in the event that that the United States Department of Justice chooses not to prosecute this case, the Plaintiff Ex Rel. DR H.Y. LIM TUNG has retained the service of Mr James, ESQ. an Attorney duly qualified to practice in the United States Court of the Southern District of New York.

6.      On or around August , 2019, the Honorable Nathan, dismissed this lawsuit and ordered the unsealing of the Complaint.

7.      It is respectfully submitted that the Honorable Nathan should not have ordered the dismissal of this lawsuit and the unsealing of the Complaint.\



## THE LAW

8.      Pursuant to the False Claims Act , the Plaintiff Ex Rel. DR H.Y. LIM TUNG can file a lawsuit to recover money that were obtained fraudulently and under false from the United States Government. In this case, Plaintiff Ex Rel. DR H.Y. LIM TUNG alleges that the Defendants obtained over $1,800000 from the National Institutes of Health, an Agency of the United States Department of Health and Human Services.

9.      Section 3730(b)(2) of the False Claims Act provides that a *qui tam* complaint must be filed with the court under seal. The complaint and a written disclosure of all the relevant information known to the relator must be served on the U.S. Attorney for the judicial district where the *qui tam* was filed and on the Attorney General of the United States.

10.      The *qui tam* complaint is initially sealed for 60 days. The government is required to investigate the allegations in the complaint; if the government cannot complete its investigation in 60 days, it can seek extensions of the seal period while it continues its investigation. The government must then notify the court that it is proceeding with the action (generally referred to as "intervening" in the action) or declining to take over the action, in which case the relator can proceed with the action.

11.      The law is clear that a relator cannot proceed pro se. [See  Safir v. Blackwell, 579 F.2d 742, 745 n. 4 (2d Cir. 1978) and The law is clear that a



relator cannot proceed pro se. [See  Safir v. Blackwell, 579 F.2d 742, 745 n. 4

(2d Cir. 1978) and U.S. v. Flaherty, 540 F. 3d 89 (2d Cir. 2008)]

12.    However, the law is also clear that the Honorable Court cannot

unseal and dismiss the lawsuit prior to the government making a decision on

whether the government will proceed or not with the lawsuit [See Section

3730(b)(2) of the False Claims Act] . It was only after the government elected not

to intervene that the Court in U.S. v. Flaherty, 540 F. 3d 89 (2d Cir. 2008)

dismissed the case on the ground that ex re. John Bal "is not an attorney . . . [he]

is not qualified to represent the interests of the United States". The unsealing of

the Complaint took place after the government chose not to intervene.

13.    In view of the fact that Ex Rel. DR H.Y. LIM TUNG has retained an

Attorney duly qualified to practice in the United States Court of the Southern

District of New York in the event that the government declined to intervene in this

lawsuit, logic dictates that Ex Rel. DR H.Y. LIM TUNG has not intention of

representing the government in this lawsuit.

14.    The Court in Gunn v. Credit Suisse Group AG and Nikole Shelton,

(United States Court of Appeals for the Third Circuit, No. 13-4738, April 21, 2015)

held that the lower Court was correct in dismissing Gunn's qui tam lawsuit after

the government chose not to intervene, the Complaint was unsealed, ex rel.

Gunn refused to hire an Attorney after being given the opportunity to hire an

Attorney.



16.    In this case, ex rel. H.Y. Lim Tung has an Attorney to represent him in this lawsuit (EXHIBIT C ).

18.    It is respectfully submitted that the Honorable Court erred when the Honorable Court ordered a Dismissal of this lawsuit and unsealing of the Complaint prior to a decision from the government as to whether .the government will intervene in this lawsuit or not.

19.    It is also respectfully submitted that the Honorable Court must order the resealing of the Complaint or at the very least permit ex rel. Dr H.Y. Lim Tung to submit an Amended Complaint via his Attorney.

WHEREFORE, ex rel. Dr H.Y. Lim Tung prays that the Honorable Court grant the relief sought, and any other relief that the Honorable Court deem just, fair and equitable.

Respectfully,

EX REL. DR H.Y. LIM TUNG
31-70 CRESCENT STREET
ASTORIA, NY 11106
TEL: 646-500-1728

SWORN TO BEFORE ME ON THE 9TH DAY OF SEPTEMBER, 2019.



NOTARY PUBLIC

MARINA SOLOGUB
Notary Public, State of New York
No. 01SO5121874
Qualified in Queens County
Commission Expires January 31, 20 21

STAMP OF NOTARY PUBLIC

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES EX REL DR. H.Y. LIM
TUNG,

                      Plaintiffs,

                -against-

DR. HUGH C. HEMMINGS, JR.; DR. JIMCY
PLATHOLI; DR. PAUL HEERDT; DR.
AUGUSTINE M.K. CHOI; DR. THOMAS H.
BLAIR; WEILL CORNELL MEDICAL
COLLEGE; JOHN DOES; JANE DOES,

                   Defendants.

1:19-CV-7342 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff H.Y. Lim Tung,[1] appearing *pro se*, filed a sealed *qui tam* action under the False

Claims Act, 31 U.S.C. 3729–3733. The Court grants Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[2] The Court dismisses this action for the reasons

set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

    [1] In documents submitted to the Court, Plaintiff indicates as his name both "Dr. H.Y. Lim
Tung" and "Hin Y. Limtung." In three actions filed in the United States District Court for the
Eastern District of New York, Plaintiff provides his name as "Hin Y. Limtung." *See Limtung v.
PayPal Holdings, Inc.*, No. 19-CV-4316 (RRM) (SJB) (E.D.N.Y. filed July 26, 2019) (claims
arising out of rental agreements); *Limtung v. Thomas*, No. 19-CV-3646 (RRM) (SJB) (E.D.N.Y.
filed June 21, 2019) (federal claims arising out of mortgage foreclosure); *Limtung v. Baum*, No.
16-CV-0100 (RRM) (SJB) (E.D.N.Y. Mar. 20, 2019) (same).

    [2] Plaintiff submitted an unsigned blank *in forma pauperis* (IFP) application with only the
caption filled out. He also submitted a letter requesting that the Court postpone payment of the
$400.00 filing fees until the Government makes a decision as to whether to pursue this action.
The Court construes the two document together as Plaintiff's IFP application.



relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

Plaintiff brings this action against Dr. Hugh C. Hemmings Jr., Dr. Jimcy Platholi, Dr. Paul

Heerdt, Dr. Augustine M.K. Choi, Dr. Thomas H. Blair, Weill Cornell Medical College (Weill

Cornell), and John and Jane Does. The following facts are taken from the complaint. Plaintiff is

an expert in the "areas of Protein Phosphatase-$1_1$ (PP-$1_1$) purification and characterization and

the study of its role in cell death." (Compl. at 2.) He conceived and wrote a grant application

titled "Role of Protein Phosphatase-1 in Cerebral Ischemia and Cell Death," which was

submitted by Hemmings and Weill Cornell to the National Institute of Health (NIH), an agency

of the United States Department of Health and Human Services. Hemmings and Weill Cornell

stated in the grant application that Plaintiff was the co-investigator of the project and would be

appointed as an Associate Professor at Weill Cornell. But after NIH funded the research project,

Hemmings and Weill Cornell "appropriated" the funds and failed to appoint Plaintiff as an

associate professor and the co-investigator of the project. (*Id.*) From 2010 to 2015, Hemmings

and Weill Cornell continued to submit false representations and fabricated data in progress

reports to NIH, and they collected approximately $1,431,600.00 for the purported research



project. But as they were not experts in that research area, they "did not do any significant research work and did not obtain any significant scientific results." (*Id.* at 3.)

In 2014, "out of desperation," Hemmings, Platholi, Heerdt, and Weill Cornell stole Plaintiff's scientific data and presented it, along with other fabricated data, to the NIH as their own. (*Id.*) The defendants did this to "mislead and defraud the NIH." (*Id.*) During that time, Choi, Blair and others conspired to hide the fraudulent actions of Hemmings, Platholi, Heerdt, and Weill Cornell.

Plaintiff brings this action asserting that Defendants obtained through "false and fraudulent pretenses" about $1,431,600.00 from the NIH in violation of the False Claims Act. (*Id.* at 4.) They also committed scientific fraud and wire fraud. Plaintiff seeks to recover the funds that Defendants wrongfully obtained from the NIH and suggests that the Government prosecute Defendants criminally for the wire fraud, which is in violation of 18 U.S.C. § 1343.

## DISCUSSION

### A.     The False Claims Act (FCA)

Plaintiff's *qui tam* claims under the False Claims Act (FCA), 31 U.S.C. § 3729–3733, must be dismissed. The FCA permits private persons to bring suit where there has been fraud on the federal government.[3] The *qui tam* provisions of the FCA allow a private plaintiff to sue persons who knowingly defraud the federal government. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). *Pro se* litigants, however, lack statutory standing to bring *qui tam* claims under the FCA. *See United States ex rel. Mergent Servs. v. Flaherty*, 540

---

[3] The FCA imposes civil liability upon "any person" who, among other acts, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A suit under the FCA may be brought by either the federal government or by a private person, or "relator," who sues for the United States in a *qui tam* action. 31 U.S.C. § 3730(a), (b)(1).

3



F.3d 89, 93 (2d Cir. 2008); *Klein v. City of New York*, ECF 1:10-CV-9568, 63, 2012 WL 546786,

at *5 (S.D.N.Y. Feb. 21, 2012).

Because Plaintiff, as a *pro se* litigant, lacks standing to assert his *qui tam* claims under the

FCA, the Court dismisses those claims for lack of statutory standing under the FCA.

**B.     Wire Fraud Claims**

Plaintiff also asserts that Defendants' actions violated the Wire Fraud Act, 18 U.S.C.

§ 1343. But Plaintiff cannot initiate the arrest and prosecution of any individual or entity in this

Court because " the decision to prosecute is solely within the discretion of the prosecutor." *Leeke*

*v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a

criminal proceeding against Defendants, because prosecutors possess discretionary authority to

bring criminal actions, and they are " immune from control or interference by citizen or court."

*Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly,

Plaintiff's wire fraud claims must be dismissed for failure to state a claim. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

**C.     Unsealing Action**

This *qui tam* action was filed under seal as required by the FCA. *See* 31 U.S.C. § 3730(b)

Normally a *qui tam* complaint would remain sealed for sixty days (or longer, if the government

obtains an extension), during which time the government must determine whether to intervene

and proceed with the action. *Id.* § 3730(b)(2)-(4). But because the Court finds that Plaintiff does

not have standing to bring a *qui tam* action, the Clerk of Court is directed to unseal this matter.

All documents in the case should be filed unsealed.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this

order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

4



under 28 U.S.C. § 1915(a)(1), is dismissed for lack of statutory standing under the False Claims Act and failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is further directed to unseal this action. All documents in this case should be filed unsealed. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   August 20, 2019
        New York, New York

                                            COLLEEN McMAHON
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES EX REL DR. H.Y. LIM
TUNG,

               Plaintiffs,

-against-

DR. HUGH C. HEMMINGS, JR.; DR. JIMCY
PLATHOLI; DR. PAUL HEERDT; DR.
AUGUSTINE M.K. CHOI; DR. THOMAS H.
BLAIR; WEILL CORNELL MEDICAL
COLLEGE; JOHN DOES; JANE DOES,

               Defendants.

19-CV-7342 (CM)

CIVIL JUDGMENT

---

Pursuant to the order issued August 20, 2019, dismissing the complaint,

IT IS ORDERED, ADJUDGED AND DECREED that the complaint is dismissed for lack

of statutory standing under the False Claims Act and failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's

judgment would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this judgment to

Plaintiff and note service on the docket.

SO ORDERED.

Dated:    August 20, 2019
        New York, New York

                            _____

                              COLLEEN McMAHON
                 Chief United States District Judge



# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X

UNITED STATES EX REL
DR H.Y. LIM TUNG,

              Plaintiffs,

      -Against-

DR HUGH C. HEMMINGS, JR.
DR JIMCY PLATHOLI
DR PAUL HEERDT
DR AUGUSTINE M.K. CHOI
DR THOMAS H. BLAIR
WEILL CORNELL MEDICAL COLLEGE
JOHN DOs

JANE DOs

              Defendants,
_____ X

INDEX NO.
19 CV 7342

JUDGE NATHAN

NOTICE OF
APPEARANCE

NOTICE IS HEREBY GIVEN THAT COUNSEL STEPHEN J. JAMES
HEREBY APPEARS ON BEHALF OF EX REL. DR H.Y. LIM TUNG IN THIS
LAWSUIT UNDER INDEX NO. 19 CV 7320.

DATED: SEPTEMBER 9, 2019.

              RESPECTFULLY,

              _____ Esq. 7/7/2019
              STEPHEN J. JAMES, ESQ.

# EXHIBIT C

EXHIBIT C

JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

19 CV 7320

---x

42

| | |
|---|---|
| UNITED STATES EX REL<br>DR H.Y. LIM TUNG, | **COMPLAINT** |
| Plaintiffs, | |
| | **INDEX NO.** |
| -Against- | |
| DR HUGH C. HEMMINGS, JR.<br>DR JIMCY PLATHOLI<br>DR PAUL HEERDT<br>DR AUGUSTINE M.K. CHOI<br>DR THOMAS H. BLAIR<br>WEILL CORNELL MEDICAL COLLEGE<br>JOHN DOs<br>JANE DOs | **JUDGE** |
| | **PURSUANT TO**<br>31 U.S.C. § 3729 |
| Defendants, | **PLAINTIFF<br>DEMANDS<br>JURY TRIAL** |

---x

The Plaintiff alleges the following:

## I. SUMMARY OF CASE

This lawsuit is a Qui Tam lawsuit pursuant to the False Claims Act (31 U.S.C. § 3729). On or around February 1, 2010, the Defendants, Hugh C. Hemmings, Jr. and Weill Cornell Medical College submitted for payment and received payment in the amount of $363, 826 with respect to the Research Grant "Role of Protein Phosphatase-1 in Cerebral Ischemia and Cell Death" under Project Number 5RO1NS056315, from the National Instituted of Health, an Agency of the United States Department of Health and HUman Services.  From February 1, 2010 to February 1, 2014, the Defendants, Hugh C. Hemmings, Jr.

(i)



## END

